Estate of Caroline C. Wells, Deceased, by Edward D. Stannard, Henry H. Wells, and Frank Wells McCabe, Executors v. Commissioner.
Estate of Wells v. Commissioner
Docket No. 110674.
United States Tax Court
1943 Tax Ct. Memo LEXIS 200; 2 T.C.M. (CCH) 446; T.C.M. (RIA) 43340; July 10, 1943
*200 Robert C. Poskanzer, Esq., for the petitioner. Walt Mandry, Esq., for the respondent. LEECH Memorandum Opinion LEECH, Judge: Respondent has determined a deficiency in gift tax of the decedent, Caroline C. Wells, for the year 1938 in the sum of $3,058.49. The issue is whether a transfer in trust by decedent in 1938 for the benefit of six grandchildren constituted gifts of future or present interests in property. [The Facts] We find the facts as stipulated. Briefly these are that the decedent died a resident of Brewster, New York. Her return for the year here involved was filed with the collector for the Fourteenth District of New York at Albany, New York. On April 2, 1938 the decedent executed an indenture of trust, conveying to trustees property of a value of $32,026.88. The provision of the trust instrument pertinent to the question here presented reads as follows: FIRST: To invest and reinvest the same, and from time to time change the investments of said principal sum, and to receive the rent, issues and profits, and income therefrom derived, and to pay therefrom the expenses of investments, taxes, assessments, insurance and all other necessary and proper charges and *201 expenses incurred during the lifetime of my two youngest grandchildren, VIRGINIA WELLS and FRANK WELLS or the survivor, or until the survivor of them shall have reached the age of twenty-seven years, and to apply such net income and such portion of the principal as my said trustees shall deem proper in their discretion for the education, support and maintenance during said education of the children of my son Henry H. Wells, to wit: TOMLINSON WELLS, ALFRED W. WELLS, HENRY H. WELLS. JR., HOWARD CROSBY WELLS, VIRGINIA WELLS and FRANK WELLS, such education to include School, College, Professional and Cultural education. In the event that my said two youngest grandchildren VIRGINIA WELLS and FRANK WELLS, or the survivor of them shall die before reaching the age of twenty-seven years I direct that any balance of said trust fund that may not have been applied as hereinabove provided, shall be paid by my said Trustees to my son HENRY H. WELLS if he be living at that time, and if my said son HENRY H. WELLS, shall not be living at that time, I direct that my said Trustees pay said balance to my daughter-in-law, CAROLINE W. WELLS, in the expectation that such balance or so much thereof as may *202 be necessary shall be used for the education of the surviving children of my said son Henry H. Wells and his said wife. In the event that any of said fund shall remain at the time that the survivor of my two youngest grandchildren shall have reached the age of twenty-seven years, I direct that any such balance shall be distributed as follows: I direct my trustees to pay one-half of said balance to my said son Henry H. Wells. In the event that my said son, Henry H. Wells shall not be living at that time I direct that my said Trustees pay said one-half of said balance to my daughter-in-law, CAROLINE W. WELLS. In the event that both my said son, Henry H. Wells, and my daughter-in-law, Caroline W. Wells, shall not be living at the termination of this Trust, as hereinabove provided, I direct that said one-half of such balance be distributed equally among the surviving children, the issue of deceased child or children taking the share its or their parent would have received if living. I direct that the remaining one-half of said balance be distributed equally among my grandchildren, LOUISE CROSBY O'BRIEN, FRANK WELLS McCABE, AMBROSE CHURCH McCABE, and LYMAN SPALDING McCABE, the children *203 of my deceased daughter, Pauline Wells McCabe, the issue of any deceased child or children taking the share its or their parent would have received if living. On the date this trust was created the eldest of the six beneficiary grandchildren, Tomlinson Wells, was 24 years of age, and the youngest, Frank Wells, was 8 years of age. The decedent filed a gift tax return for 1938 in which she reported the aforementioned gifts and also a gift to her son, Henry H. Wells, and took thereon seven exclusions of $5,000 each, six of these being upon the gifts in trust to her grandchildren. Respondent in determining the deficiency disallowed the aforesaid six exclusions upon the ground that these gifts in trust were of future interests in property with respect to which exclusions were not permitted by section 504(b) of the Revenue Act of 1932. In the 5 years from 1938 to 1942, inclusive, the income from the trust corpus amounted to $9,659.09. During those years the trustees expended all of the income together with $10,665.89 of the trust corpus, or a total of $20,324.98, for expenses of education of Alfred W. Wells, Henry H. Wells, Jr., Howard Crosby Wells and Virginia Wells. No expenditures *204 were made with respect to Tomlinson Wells or Frank Wells. [Opinion] Petitioner contends that the transfer in trust was of six present interests in property on which the decedent was entitled to six exclusions of $5,000 each. It is insisted that paragraph "FIRST" of the trust agreement reading "* * * to apply such net income and such portion of the principal as my said trustees shall deem proper in their discretion, etc." should be construed as limiting the discretionary powers of the trustees to the question of whether or not corpus should be invaded. Upon this premise it is argued that as to the income of the trust fund the six beneficiaries had a right to immediate payment for their benefit and, consequently, present interests. Attention is called by petitioner's counsel to the decision of the Circuit Court of Appeals for the Eighth Circuit in , which is urged as a correct application of the law to the facts. In the Smith case, supra, we had held () conveyances to an education trust for the benefit of four of the settlor's grandchildren, under *205 conditions in some respects similar to those here involved, to be gifts of future interests. Our decision was reversed by the Eighth Circuit. With all due respect, however, to that court we do not admit error in our view of that case. In this connection we note that the Ninth Circuit in , has expressed its doubt as to the correctness of the Ninth Circuit's decision in the Smith case, supra, as resting "on an insecure foundation." Aside from this moreover, the conditions attached to the gifts here are, we think, radically different from those in the Smith case. In the later case the corpora of the two trusts were directed in each instance to be held by the trustees "in equal, undivided portions" for the designated beneficiaries and anything remaining of any such portion, after expenditures in the discretion of the trustees for the education of the beneficiary for which it was held, was to be paid over to such beneficiary on reaching a certain age. Under such facts there was at least ground for argument, that a certain definite sum having been given each beneficiary, which was available for immediate *206 use for his or her benefit, it constituted in each case a present interest the value of which could then be computed. Here, however, we have a different situation. The fund transferred in trust is not to be held in equal portions for the several beneficiaries. It is merely provided that it may be spent in the discretion of the trustees for the education of the beneficiaries. There is no provision that the beneficiaries share equally in the disbursements. Any part of the fund remaining after the death of the survivor of the two younger of the beneficiaries or upon the younger of those two reaching 27 years of age was to go to the settlor's son. Both the fact and the aggregate value of the gift of all of the beneficiaries of the trust, including the remaindermen, were stipulated. Our problem is to determine whether the primary gifts to each of the six grandchildren were of present or future interests and, if present, to segregate the value of each for the purpose of applying the exclusion under section 502(b) of the Revenue Act of 1932. If the construction of the trust instrument advocated by counsel for petitioner were correct, the income would have to be applied in equal portions *207 for each of the six beneficiaries. No one of them would be entitled to receive more than another. In fact, only if such were the case would it be possible to compute a separate value for the gift to each child. If the trustees in the exercise of their discretion might spend twice as much of the income on education of one child as on another or none of it at all on some of the beneficiaries, then it is evident that no basis exists upon which a value could be computed for the interest of a beneficiary, whether present or future, and no exclusion would be allowable. ; ; ; . That this is the construction placed by the parties on the instrument is unquestionable. In the 5 years following the gift in trust the trustees have expended all of the income in each year, together with a large amount of the corpus. All of these expenditures have been for the benefit of only four of the six beneficiaries and the expenditures for *208 these particular four beneficiaries vary greatly in amount. We conclude that none of the six beneficiaries took a present interest, determinable in amount, under the transfer in trust. Their enjoyment of either income or principal was dependent upon the exercise of the discretionary powers vested in the trustees. ; ; . Decision will be entered for the respondent.